Luke L. Dauchot (SBN 229829)
luke.dauchot@kirkland.com
Christopher M. Lawless (SBN 268952)
christopher.lawless@kirkland.com
Ryan D. Houck (SBN 279281)
ryan.houck@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff*
SAMY ABDOU, M.D.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMY ABDOU, M.D., an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>ALPHATEC SPINE, INC., a California Corporation,<br><br>  Defendant. | CASE NO. **'12CV1804 WQHRBB**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION, AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Samy Abdou, M.D. alleges against defendant, Alphatec Spine, Inc. as follows:

**THE PARTIES**

1. Plaintiff Samy Abdou, M.D. ("Dr. Abdou") is an individual who is a citizen of the State of California.

2. On information and belief, defendant Alphatec Spine, Inc. ("Alphatec") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 5828 El Camino Real, Carlsbad, CA 92008.  On information and belief, Alphatec manufactures, markets, and sells various medical devices and surgical techniques, including those for spinal surgery.

**NATURE OF THE ACTION**

3. This is a civil action including claims for patent infringement of United States Patent No. 7,951,153 and United States Patent No. 8,172,855, arising under the United States patent laws, 35 U.S.C. §§ 1 *et seq.*, and seeking damages and injunctive relief under 35 U.S.C. §§ 271, 281, 283-285.

4. On May 31, 2011, United States Patent No. 7,951,153 (the "'153 patent"), entitled, "Devices and Methods for Inter-Vertebral Orthopedic Device Placement," was duly and legally issued by the United States Patent and Trademark Office.  The application leading to the '153 patent became public as Unite States Patent Application Publication No. 2006-0111728 on May 25, 2006.  A true and accurate copy of the '153 patent is attached hereto as Exhibit 1.

5. Dr. Abdou is the sole inventor and owner of all rights in the '153 patent, including the right to sue and recover damages for past and present infringement.

6. The '153 patent is valid and enforceable.

7. On May 8, 2012, United States Patent No. 8,172,855 (the "'855 patent"), also entitled, "Devices and Methods for Inter-Vertebral Orthopedic Device Placement," was duly and legally issued by the United States Patent and Trademark Office.  The application leading to the '855 patent became public as United States Patent Application Publication No. 2006-0149278 on July 6, 2006.  A true and accurate copy of the '855 patent is attached hereto as Exhibit 2.

8. Dr. Abdou is the sole inventor and owner of all rights in the '855 patent, including the

right to sue and recover damages for past and present infringement.

9. The '855 patent is valid and enforceable.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Alphatec because Alphatec has its principal place of business in this judicial district and infringes the patents in this action in at least this judicial district.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).  On information and belief, Alphatec has voluntarily conducted business and committed acts that constitute direct and indirect patent infringement in the Southern District of California.

## FACTUAL BACKGROUND

### The Plaintiff

13. Plaintiff, Samy Abdou, M.D. is a practicing medical doctor specializing in neurological and spine surgery with twenty-five years of experience.  Dr. Abdou practices and resides in San Diego, CA.

14. Dr. Abdou invented and developed various surgical devices and methods for implanting orthopedic devices using limited surgical dissection.  The implanted devices may be used to adjust and maintain the spatial relationship(s) of adjacent bones.  Depending on the implant design, the motion between the skeletal segments may be increased, limited, modified, or completely immobilized.

### Disclosure to Alphatec

15. In or about January 2009, Alphatec was developing devices and methods for spinal fusion that it termed the "Guided Lumbar Interbody Fusion" (GLIF).  Alphatec had actual knowledge of the Abdou patent applications that led to the '153 and '855 patents and was aware that these applications encompassed the GLIF procedure.

16. On or about January 21, 2009, Alphatec contacted Dr. Abdou through his attorney to discuss the license or sale of these Abdou patent applications.  Mr. Dirk Kuyper, Chief Executive

1    Officer of Alphatec, called Dr. Abdou on or about February 12, 2009 to arrange a meeting at the
2    Alphatec facility in Carlsbad, CA on or about February 20, 2009.

3    17. During the February 2009 meeting, Alphatec expressed interest in the Abdou patent
4    applications as related to its ongoing GLIF development.  In a post-meeting communication with
5    CEO Kuyper, Dr. Abdou sought assurance of Alphatec's commitment to the technology and its
6    subsequent commercialization prior to proposing terms for a license.  On February 22, 2009, Mr.
7    Kuyper responded via email and stated, "I can assure you that this development is one of the
8    strategic products for Alphatec going forward and we are very interested in your patent."

9    18. Dr. Abdou presented Alphatec with a term sheet for the proposed sale of the patent
10   application (U.S. Publication No. 2006/0111728) that ultimately issued as the '153 patent.  In a
11   written response, CEO Kuyper responded that "we believe your IP has significant merit."  No
12   transaction was completed.

13   19. On or about October 7, 2009, Dr. Abdou met with Dr. Ali Araghi, a social acquaintance,
14   and his medical practice partner, Dr. Stephen Hochschuler, in Phoenix, AZ.  Unbeknownst to Dr.
15   Abdou, Dr. Hochschuler served as a Director of Alphatec Spine and Chairman of the Company's
16   Scientific Advisory Board at the time of the meeting.  Dr. Hochschuler encouraged Dr. Abdou to re-
17   engage Alphatec in negotiations for the sale or license of the application that produced the '153
18   patent.  Dr.  Hochschuler arranged for an additional meeting between Dr. Abdou and CEO Dirk
19   Kuyper.  The meeting occurred on or about October 28, 2009 wherein sale of that patent application
20   was discussed.  Talks continued between Dr. Abdou's counsel and Alphatec's general counsel, Mr.
21   Ebun Garner, from November 2009 to January, 2010.

22   20. Dr. Abdou and Alphatec's CEO Dirk Kuyper had a telephone conference on or about
23   January 22, 2010.  Alphatec committed to acquire the application that led to the '153 patent.

24   21. During that January 2010 teleconference, Alphatec CEO Kuyper also requested that Dr.
25   Abdou forward additional material illustrating the devices and related methods disclosed in U.S.
26   Publication No. 2007/0106383 (now patent 7,909,871) for presentation to the Alphatec Board of
27   Directors.  He also assured Dr. Abdou that he would contact him after the Board meeting, but no
28   later than two weeks from the time of verbal agreement.

1	22. Dr. Abdou forwarded the requested material to CEO Kuyper on or about January 29, 2010 and subsequently emailed CEO Kuyper on or about February 14, 2010 to request a status update.  No response was ever received.

23. On June 8, 2011, Dr. Abdou's attorney wrote to Alphatec regarding "Samy Abdou, M.D., Claim for Patent Infringement of U.S. Patent No. 7,951,153" and Alphatec's prior discussions with Dr. Abdou about the subject matter claimed in the '153 patent.  This letter informed Alphatec that the '153 patent had issued and asked if Alphatec was interested in resuming the prior discussions.  Neither Dr. Abdou's attorney nor Dr. Abdou received any response from Alphatec to this letter.

24. Again on June 7, 2012, Dr. Abdou's attorney wrote to Alphatec regarding "Samy Abdou, M.D., Claims for Patent Infringement of U.S. Patent Nos. 7,951,153 and 8,172,855" and Alphatec's prior discussions with Dr. Abdou.  This letter included copies of both patents, informed Alphatec that the '855 patent had issued, and asked if Alphatec was interested in resuming the prior discussions.  Neither Dr. Abdou's attorney nor Dr. Abdou received any response from Alphatec to this letter.

**Alphatec's Infringement**

25. Alphatec makes, uses, markets, offers for sale, sells, and/or imports the Guided Lumbar Interbody Fusion (GLIF) System—described as "a minimally invasive retroperitoneal trans-psoas approach to the anterior portion of the lumbar spine designed for intervertebral body fusion."  Part of this system, the ARC Portal Access System, "provides for direct visualization of the disc space while minimizing soft tissue disruption that often occurs during open surgery."  The GLIF System also includes GLIF Spinal Spacers, orthopedic implants with a curvilinear shape, designed and sized to be used with and through the ARC Portal Access System as part of the GLIF technique.  The GLIF System is intended for use with supplemental spinal fixation and bone graft.

26. Alphatec provides training, instruction, and support for the GLIF System and technique, including the ARC Portal Access System and instruments and devices used with it.

27. Since at least 2009, Alphatec has knowingly developed and subsequently manufactured, used, sold, offered to sell, imported, and/or instructed and encouraged use of the GLIF System, GLIF technique, and related devices that are disclosed by Dr. Abdou's intellectual property.  In 2009,

Alphatec initiated contact with Dr. Abdou and sought to gain the rights for the application that produced the '153 patent.  Despite having committed to acquire said application, Alphatec abruptly abandoned that commitment and has since elected to willfully infringe the '153 and '855 patents.  Alphatec is aware that it infringes Dr. Abdou's '153 and '855 patents and has willfully refused to respond to all communications from Dr. Abdou and/or his attorney.  The scope of patent infringement is explained further below.

## COUNT I

### (Infringement of the '153 Patent)

28.  Paragraphs 1–27 are hereby incorporated by reference.

29. Alphatec has infringed, and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '153 patent in at least this District by making, using, selling, offering to sell, and/or importing certain surgical techniques and/or procedures and surgical devices, including but not limited to Alphatec's Guided Lumbar Interbody Fusion ("GLIF") System and technique, the ARC Portal Access System, GLIF Spinal Spacers, supplemental fixation (e.g., Alphatec ZODIAC Screw System), allograft, and related instruments.

30. Alphatec has induced, and continues to induce, the infringement of one or more claims of the '153 patent, in at least this District, by actively inducing the making, use, offer for sale, and or sale of certain surgical techniques and/or procedures, orthopedic devices, and bone forming materials, including but not limited to Alphatec's Guided Lumbar Interbody Fusion ("GLIF") System and technique, including the ARC Portal Access System, GLIF Spinal Spacers, supplemental fixation (e.g., Alphatec ZODIAC Screw System), allograft, and related instruments.  Such acts of infringement are induced by promoting, teaching, and/or providing training on the GLIF surgical technique and related products.  Alphatec has known of the application leading to the '153 patent since at least 2009, and thus based on information and belief, has had knowledge of the '153 patent since it issued on May 31, 2011 and performed the above actions with the specific intent to encourage and cause such infringement.

31. Alphatec has contributorily infringed and continues to contributorily infringing the '153 patent by offering to sell and/or selling within the United States, a component of a machine,

1   manufacture, combination or composition covered by the '153 patent, constituting a material part of
2   the invention, which is not a staple article or commodity of commerce suitable for substantial
3   noninfringing use. On information and belief, Alphatec knows that the component and/or material
4   and/or apparatus is especially made or especially adapted for use in infringing the '153 patent.
5         32. On information and belief, Alphatec's direct and indirect infringement of the '153 patent
6   has taken place with full knowledge of the patent and is willful, deliberate, and intentional.
7         33. Alphatec's direct infringement, inducement, and contributory infringement of one or
8   more claims of the '153 patent has injured Dr. Abdou, the precise amount of which cannot be
9   ascertained at this time. Dr. Abdou is entitled to recover damages adequate to compensate for
10  Alphatec's infringement, which in no event can be less than a reasonable royalty.
11        34. Alphatec has caused Dr. Abdou substantial damages and irreparable injury by its
12  infringement of one or more claims of the '153 patent, for which there is no adequate remedy at law.
13  Dr. Abdou will continue to suffer damages and irreparable injury unless and until Alphatec's
14  infringement is enjoined by this Court.

## COUNT II

### (Infringement of the '855 Patent)

17        35. Paragraphs 1–34 are hereby incorporated by reference.
18        36. Alphatec has infringed, and continues to infringe, literally and/or under the doctrine of
19  equivalents, one or more claims of the '855 patent in at least this District by making, using, selling,
20  and/or offering to sell certain surgical techniques and/or procedures and surgical devices, including
21  but not limited to Alphatec's Guided Lumbar Interbody Fusion ("GLIF") System and technique,
22  including the ARC Portal Access System, GLIF Spinal Spacers, supplemental fixation (e.g.,
23  Alphatec ZODIAC Screw System), allograft, and related instruments.
24        37. Alphatec has induced, and continues to induce, the infringement of one or more claims of
25  the '855 patent, in at least this District, by actively inducing the making, use, offer for sale, and or
26  sale of certain surgical techniques and/or procedures, orthopedic devices, and bone forming
27  materials, including but not limited to Alphatec's Guided Lumbar Interbody Fusion ("GLIF")
28  System and technique, including the ARC Portal Access System, GLIF Spinal Spacers, supplemental

7

1  fixation (e.g., Alphatec ZODIAC Screw System), allograft, and related instruments.  Such acts of

2  infringement are induced by promoting, teaching, and/or providing training and instruction on the

3  GLIF surgical technique and related products.  Alphatec has known of the application leading to the

4  '855 patent since at least 2009, and thus based on information and belief, has had knowledge of the

5  '855 patent since it issued on May 8, 2012 and performed the above actions with the specific intent

6  to encourage and cause such infringement.

7        38.   Alphatec has contributorily infringed and currently is contributorily infringing the '855

8  patent by offering to sell and/or selling within the United States, a component of a machine,

9  manufacture, combination or composition covered by the '855 patent, and/or a material or apparatus

10 for use in practicing a process covered by the '855 patent, constituting a material part of the

11 invention, which is not a staple article or commodity of commerce suitable for substantial

12 noninfringing use.  On information and belief, Alphatec knows that the component and/or material

13 and/or apparatus is especially made or especially adapted for infringing the '855 patent.

14       39. On information and belief, Alphatec's direct and indirect infringement of the '855 patent

15 has taken place with full knowledge of the patent and is willful, deliberate, and intentional.

16       40. Alphatec's direct infringement, inducement, and contributory infringement of one or

17 more claims of the '855 patent has injured Dr. Abdou, the precise amount of which cannot be

18 ascertained at this time.  Dr. Abdou is entitled to recover damages adequate to compensate for

19 Alphatec's infringement, which in no event can be less than a reasonable royalty.

20       41.  Alphatec has caused Dr. Abdou substantial damages and irreparable injury by its

21 infringement of one or more claims of the '855 patent, for which there is no adequate remedy at law.

22 Dr. Abdou will continue to suffer damages and irreparable injury unless and until Alphatec's

23 infringement is enjoined by this Court.

24

25 **PRAYER FOR RELIEF**

26 WHEREFORE, plaintiff Dr. Abdou respectfully requests that this Court:

27   a.     enter judgment that Alphatec is liable for direct infringement, contributory

28 infringement, and inducing infringement of the '153 patent;

  b. enter Orders preliminarily and permanently enjoining Alphatec, and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing, contributing to infringement, or inducing infringement of the '153 patent.

  c. enter judgment that Alphatec is liable for direct infringement, contributory infringement, and inducing infringement of the '855 patent;

  d. enter Orders preliminarily and permanently enjoining Alphatec, and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing, contributing to infringement, or inducing infringement of the '855 patent.

  e. award Dr. Abdou compensatory and actual damages, together with interest;

  f. award Dr. Abdou pre-issuance damages pursuant to 35 U.S.C. § 154(d) and any other appropriate supplemental damages;

  g. award treble damages to Dr. Abdou for Alphatec's willful patent infringement pursuant to 35 U.S.C. § 284, together with interest;

  h. order an accounting for all accrued damages;

  i. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Dr. Abdou his reasonable attorneys' fees, expenses, and costs incurred in this action; and

  j. award Dr. Abdou such other and further relief as the Court deems just and proper.

DATED: July 23, 2012

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: /s/
Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
Christopher M. Lawless (S.B.N. 268952)
christopher.lawless@kirkland.com
Ryan D. Houck (SBN 279281)
ryan.houck@kirkland.com

*Attorneys for Plaintiff*
Samy Abdou, M.D.

## DEMAND FOR JURY TRIAL

Plaintiff Samy Abdou, M.D. hereby demands a jury trial on all issues so triable.

DATED: July 23, 2012                     KIRKLAND & ELLIS LLP

By: _____
   Luke L. Dauchot (S.B.N. 229829)
   luke.dauchot@kirkland.com
   Christopher M. Lawless (S.B.N. 268952)
   christopher.lawless@kirkland.com
   Ryan D. Houck (SBN 279281)
   ryan.houck@kirkland.com


*Attorneys for Plaintiff*
Samy Abdou M.D.