SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER A. TRUSSO, Cal. Bar No. 198579
jtrusso@sheppardmullin.com
RYAN E. LINDSEY, Cal. Bar No. 235073
rlindsey@sheppardmullin.com
MOLLY R. NEWLAND, Cal. Bar No. 244928
mnewland@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:   714.513.5130

JARED VELIZ, Cal. Bar No. 276191
jveliz@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel: 858.720.8900
Fax: 858.509.3691

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations

Attorneys for ALPHATEC SPINE, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMY ABDOU, M.D., an individual, | Case No. 3:12-cv-01804-IEG-RBB |
| Plaintiff, | **ALPHATEC SPINE, INC.'S ANSWER AND COUNTERCLAIMS** |
| v. | |
| ALPHATEC SPINE, INC., a California Corporation, | The Hon. Judge Irma E. Gonzalez |
| Defendant. | [Complaint Filed: July 23, 2012] |
| | **JURY TRIAL DEMANDED** |

Defendant Alphatec Spine, Inc. ("Alphatec") by and through its undersigned counsel hereby demands a trial by jury on all issues so triable, and responds to the Complaint for Patent Infringement, Permanent Injunction, and Damages ("Complaint") of plaintiff Samy Abdou, M.D. ("Abdou") as follows:

## THE PARTIES

1. Alphatec does not possess information sufficient to admit or deny the allegations in Paragraph 1 and therefore denies these allegations.

2. Alphatec is a Delaware Corporation with its principal place of business at 5818 El Camino Real, Carlsbad, California 92008. Alphatec denies the remaining allegations in Paragraph 2.

## NATURE OF THE ACTION

3. Alphatec admits, as alleged in Paragraph 3, that the Complaint purports to set forth a claim for patent infringement of United States Patent No. 7,951,153 ("the '153 patent") and United States Patent No. 8,172,855 ("the '855 patent") under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and seeks damages and injunctive relief under 35 U.S.C. §§ 271, 281, 283-285. Alphatec denies that Abdou has a valid claim or is entitled to any damages or injunctive relief.

4. Alphatec admits that the '153 patent is entitled "Devices and Methods for Inter-Vertebral Orthopedic Device Placement." Alphatec further admits that, on its face, the '153 patent lists "Prior Publication Data" as "US 2006/0111728 A1 May 25, 2006." Alphatec denies the remaining allegations in Paragraph 4.

5. Alphatec does not possess information sufficient to admit or deny the allegations in Paragraph 5 and therefore denies these allegations.

6. Alphatec denies the allegations in Paragraph 6.

7. Alphatec admits that the '855 patent is entitled "Devices and Methods for Inter-Vertebral Orthopedic Device Placement." Alphatec further admits that, on its face, the '855 patent lists "Prior Publication Data" as "US 2006/0149278 A1 Jul. 6, 2006." Alphatec denies the remaining allegations in Paragraph 7.

1    8.   Alphatec does not possess information sufficient to admit or deny the allegations in Paragraph 8 and therefore denies these allegations.

9.   Alphatec denies the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.  Alphatec admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

11.  Alphatec admits that this Court has personal jurisdiction over Alphatec. Alphatec denies all remaining allegations of paragraph 11.

12.  Alphatec admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).  Alphatec denies all remaining allegations in Paragraph 12.

## FACTUAL BACKGROUND

### The Plaintiff

13.  Alphatec does not possess information sufficient to admit or deny the allegations in Paragraph 13 and therefore denies these allegations.

14.  Alphatec does not possess information sufficient to admit or deny the allegations in Paragraph 14 and therefore denies these allegations.

### Disclosure to Alphatec

15.  Alphatec denies the allegations in Paragraph 15.

16.  Alphatec denies the allegations in Paragraph 16.

17.  Alphatec denies the allegations in Paragraph 17.

18.  Alphatec denies the allegations in Paragraph 18.

19.  Alphatec denies the allegations in Paragraph 19.

20.  Alphatec denies the allegations in Paragraph 20.

21.  Alphatec denies the allegations in Paragraph 21.

22.  Alphatec denies the allegations in Paragraph 22.

23.  Alphatec denies the allegations in Paragraph 23.

24.  Alphatec denies the allegations in Paragraph 24.

**Alphatec's Alleged Infringement**

25. Alphatec admits that Alphatec's Guided (sometimes referred to as "Guyer") Lumbar Interbody Fusion (hereinafter "GLIF") technique is a minimally invasive retroperitoneal trans-psoas approach to the anterior portion of the lumbar spine for interbody fusion. Alphatec admits that the ARC Portal Access System is designed around the GLIF technique, providing for direct visualization and access to the disc space while minimizing the soft tissue disruption that often occurs during open surgery. Alphatec admits that the GLIF system consists of implants with curvilinear shapes of varying lengths, widths and heights to accommodate individual patient pathology. Alphatec admits that the GLIF System is used with a supplemental spinal fixation system. Alphatec admits that it makes, markets, offers for sale, sells, and/or imports the GLIF implants that make up the GLIF system. Alphatec admits it makes, markets, offers for sale, sells, and/or imports supplemental spinal fixation systems that can be sued with the GLIF system and technique as well as other techniques and systems not associated with GLIF. Alphatec denies all remaining allegations in Paragraph 25.

26. Alphatec admits that it provides specifications and instructions for the GLIF technique and system to its customers. Alphatec denies the remaining allegations in Paragraph 26.

27. Alphatec denies the allegations in Paragraph 27.

**COUNT I**

**(Infringement of the '153 Patent)**

28. Alphatec incorporates and realleges paragraphs 1-27 as if set forth herein.

29. Alphatec denies the allegations in Paragraph 29.

30. Alphatec denies the allegations in Paragraph 30.

31. Alphatec denies the allegations in Paragraph 31.

32. Alphatec denies the allegations in Paragraph 32.

33. Alphatec denies the allegations in Paragraph 33.

34. Alphatec denies the allegations in Paragraph 34.

## COUNT II

### (Infringement of the '855 Patent)

35. Alphatec incorporates and realleges paragraphs 1-34 as if set forth herein.

36. Alphatec denies the allegations in Paragraph 36.

37. Alphatec denies the allegations in Paragraph 37.

38. Alphatec denies the allegations in Paragraph 38.

39. Alphatec denies the allegations in Paragraph 39.

40. Alphatec denies the allegations in Paragraph 40.

41. Alphatec denies the allegations in Paragraph 41.

## RESPONSE TO PRAYER FOR RELIEF

Alphatec denies Abdou is entitled to any of the relief he seeks in his Prayer for Relief.

## DEFENSES

Alphatec hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof. Alphatec reserves the right to assert additional defenses, as warranted by facts revealed through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### NON-INFRINGEMENT

1. Alphatec has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by application of the doctrine of equivalents, any valid claim of the '153 or '855 patents.

### SECOND AFFIRMATIVE DEFENSE
### INVALIDITY UNDER 35 U.S.C. §§ 101, 102, 103 and 112

2. One or more of the claims of the '153 and '855 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### EQUITABLE BARS

3. Abdou's claims for patent infringement and/or damages are barred in whole or in part under principles of equity, including without limitation laches, prosecution laches, waiver, estoppel, acquiescence and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### LIMITATIONS ON RECOVERY

4. Abdou has not adequately pled and/or cannot show compliance with 35 U.S.C. § 287. Abdou therefore is not entitled to damages arising before filing this action. Any claim by Abdou for damages is otherwise limited under 35 U.S.C. § 286. Abdou is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### FIFTH AFFIRMATIVE DEFENSE
### PROSECUTION HISTORY ESTOPPEL

5. Abdou is estopped from construing the claims of the '153 and '855 patents in such a way as may cover Alphatec activities by reason of, *inter alia*, amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the applications that issued as the patents-in-suit, prior statements made in this or any other Court, prior rulings of this or any other Court, and/or Abdou's prior conduct.

### SIXTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

6. Abdou has failed to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE
### PATENT MISUSE & UNCLEAN HANDS

7. Abdou is barred from any relief in this action, and the '153 and '855 patents are unenforceable under the doctrines of unclean hands and/or patent misuse because, on information and belief, Abdou has asserted the '153 and '855 patents with knowledge that at least one claim in each of these patents is invalid.

### EIGHTH AFFIRMATIVE DEFENSE
### LICENSE AND PATENT EXHAUSTION

8. Abdou is barred from any relief in this action in whole or in part under the doctrine of patent exhaustion, express license, and/or implied license.

### COUNTERCLAIMS

Alphatec brings these counterclaims to obtain a declaratory judgment that: (i) Alphatec's manufacture, use, offer for sale, and sale of any of its products do not infringe any valid claim of the '153 or '855 patents (collectively "the patents-in-suit"); and (ii) the patents-in-suit are invalid.

### I. THE PARTIES

1. Defendant/Counterclaim Plaintiff Alphatec Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 5818 El Camino Real, Carlsbad, CA 92008.

2. Upon information and belief, Plaintiff/Counterclaim Defendant Abdou is an individual who is a citizen of the State of California.

### II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this counterclaim under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367(a).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM
**Declaratory Judgment of Non-Infringement of the Patents-in-Suit**

5. Alphatec realleges and incorporates the allegations contained in paragraphs 1 through 4.

6. Abdou alleges in his Complaint that he is the sole inventor and owner of the '153 patent, entitled "Devices and Methods for Inter-Vertebral Orthopedic Device Placement," which bears an issue date of May 31, 2011.

7. Abdou alleges in his Complaint that he is the sole inventor and owner of the '855 patent, entitled "Devices and Methods for Inter-Vertebral Orthopedic Device Placement," which bears an issue date of May 8, 2012.

8. Abdou has sued Alphatec in the present action, alleging infringement of the patents-in-suit. Thus, an immediate, real, and justiciable controversy exists between Alphatec and Abdou with respect to the alleged infringement of the patents-in-suit.

9. Alphatec does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of any of the patents-in-suit under any theory, including literal infringement and infringement under the doctrine of equivalents.

10. Alphatec is entitled to a declaratory judgment that Alphatec does not infringe, directly or indirectly, any claim of the any of the patents-in-suit.

## SECOND COUNTERCLAIM
### Declaratory Judgment of Invalidity of the Patents-in-Suit

11. Alphatec realleges and incorporates the allegations contained in paragraphs 1 through 10.

12. One or more claims of the patents-in-suit is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. By filing the present action against Alphatec, Abdou asserts that the claims of the patents-in-suit are valid. Therefore, an immediate, real, and justiciable controversy exists between Alphatec and Abdou with respect to the invalidity of the patents-in-suit.

13. Alphatec is entitled to a declaratory judgment that each claim of the patents-in-suit is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaim Plaintiff Alphatec respectfully requests that this Court:

A. enter judgment in favor of Alphatec on Abdou's Complaint and deny all relief requested by Abdou therein;

B. dismiss the Complaint with prejudice;

C. issue a declaratory judgment that Alphatec has not infringed the '153 and '855 patents;

D. issue a declaratory judgment that claims of the '153 and '855 patents are invalid;

E. order that this case is exceptional pursuant to 35 U.S.C. § 285, and award Alphatec its fees and expenses incurred in this action; and

F. award Alphatec such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Alphatec hereby demands a trial by jury of all triable issues.

Dated: September 28, 2012

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Jennifer A. Trusso
JENNIFER A. TRUSSO
RYAN E. LINDSEY
MOLLY R. NEWLAND
JARED VELIZ

Attorneys for Defendant and Counterclaim Plaintiff
ALPHATEC SPINE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2012, I filed the foregoing document with the Court through this district's CM/ECF system. Pursuant to Local Rule 5-4, the "Notice of Electronic Filing" automatically generated by CM/ECF at the time the document is filed with the system constitutes automatic service of the document on counsel of record who have consented to electronic service.

/s/ Jennifer A. Trusso

Jennifer A. Trusso