UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMY ABDOU, M.D., an individual,<br><br>            Plaintiff,<br><br>v.<br><br>ALPHATEC SPINE, INC., a California corporation,<br><br>            Defendant.<br>_____<br>ALPHATEC SPINE, INC., a California corporation,<br><br>     Counterclaim Plaintiff,<br><br>v.<br><br>SAMY ABDOU, M.D., an individual,<br><br>     Counterclaim Defendant.<br>_____ | Civil No. 12cv1804 BEN(RBB)<br><br>ORDER DENYING JOINT MOTION FOR LEAVE TO FILE MOTIONS TO COMPEL REGARDING DISCOVERY DISPUTES [ECF NO. 58] |

   The Case Management Conference Order in this case states that "[a]ll disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred." (Case Management Conference Order 13, ECF No. 27.)

1     On December 18, 2013, Defendant Alphatec Spine, Inc. requested a hearing date for a motion to compel Plaintiff to supplement certain interrogatory responses. (See Jt. Mot. Leave File 2, ECF No. 58.)  Plaintiff Abdou served responses and objections to Defendant's first and second sets of interrogatories on May 28 and June 17, 2013.  (Id.)  Defendant Alphatec served its responses and objections to Plaintiff's first set of interrogatories on June 25, 2013.  (Id.)  Because the motion sought to address interrogatories objected to in May and June, Defendant was advised that it would need to obtain relief from the thirty-day time limit contained in the Case Management Conference Order.  (See id.)

     On January 7, 2014, Plaintiff Samy Abdou, M.D., and Defendant Alphatec Spine, Inc., filed a Joint Motion for Leave to File Motions to Compel Regarding Discovery Disputes [ECF No. 58].  The Joint Motion states that "the parties have reached an agreement to supplement their interrogatory responses by January 24, 2014." (Id. at 3.)  In the event that they are dissatisfied with the supplemental responses, Plaintiff and Defendant seek leave to file a motion to compel by February 24, 2014, which is thirty days from the date set for their supplemental responses.

     More than six months ago, the underlying interrogatories were objected to by the responding party -- on May 13, June 17, and June 25, 2013.  (Id. at 2.)  The Plaintiff and Defendant do not maintain that they were attempting to resolve their disputes during this multi-month period.  Neither party contacted the Court to extend the deadline for bringing motions to compel discovery.  But on December 2, 2013, it became clear to Plaintiff and Defendant that they had reached an impasse.  (See id.)

The parties have not accounted for the time between serving objections to interrogatories and filing their Joint Motion. The thirty-day periods for bringing their respective discovery disputes to the attention of the Court have long passed. The subsequent agreement to provide supplemental interrogatory answers was made without reference to the expired deadlines for bringing motions to compel. Without prior court approval, the parties cannot cure the passage of the deadlines by tying new deadlines for motions to compel to the service of Plaintiff's and Defendant's supplemental discovery responses. Supplemental responses do not reinstate lapsed deadlines.

In effect, Plaintiff and Defendant are seeking to modify the Case Management Conference Order to permit them to bring motions to compel long after discovery objections had been served. They maintain that they did not believe the disputes were "ripe" until an impasse was reached. (Id.) On other occasions, this Court has extended the thirty-day deadline for bringing a motion to compel while the parties attempted to resolve their discovery disputes. See Barcel USA, LLC v. Baja Distributors, Inc., Case No. 12-cv-1720-DMS-RBB (S.D. Cal. June 19, 2013) (granting extension of thirty-day period to bring a motion to compel discovery while counsel engaged in "meet and confer" sessions). A similar request was not made here. Alternatively, if the parties were uncertain as to the time for bringing a motion to compel, they could have sought clarification from the Court. That was not done.

The party seeking to modify deadlines bears the burden of showing that despite its diligence, the deadlines cannot reasonably be met. Johnson v. Mammoth Recreations, Inc., 95 F.2d 604, 609

1  (9th Cir. 1992). The Joint Motion for Leave to File Motions to
2  Compel does not establish that counsel have worked diligently since
3  May and June of 2013 to resolve their discovery disputes. If a
4  party seeking to amend the scheduling order "was not diligent, the
5  inquiry should end." Id. On this basis alone, the Joint Motion is
6  **DENIED.**

7  Assuming the parties did not believe that the thirty-day
8  period for bringing a motion to compel began to run until they
9  reached an impasse, (see Joint Mot. Leave File Mots. Compel 2, ECF
10 No. 58), their Joint Motion was not filed until January 7, 2014,
11 thirty-five days after Abdou's December 2, 2013 letter. For this
12 additional reason, the Joint Motion [ECF No. 58] is **DENIED.**

14 DATED:   January 29, 2014

    Ruben B. Brooks
15                                    United States Magistrate Judge

16 cc:  Judge Benitez
     All Parties of Record