FILED

2015 FEB -2  PM 2: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

7n          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMY ABDOU,<br><br>     Plaintiff,<br>vs.<br><br>ALPHATEC SPINE, INC.,<br><br>     Defendant. | CASE NO. 12-CV-1804 BEN (RBB)<br><br>**ORDER GRANTING REQUEST FOR ENTRY OF JUDGMENT**<br><br>[Docket No. 112] |

On November 28, 2014, Defendant Alphatec Spine, Inc. filed a Request for Entry of Judgment. (Docket No. 112.) The motion lacked a hearing date, but briefing on the motion proceeded. Plaintiff Dr. Samy Abdou filed an Opposition on December 3, 2014 and Alphatec filed its Reply on December 8, 2014. (Docket Nos. 113, 115.) This would generally have provided the Court with complete briefing on a motion, however, Dr. Abdou then filed a Response to Alphatec's Reply. (Docket No. 117.) Then, on December 30, 2014, Alphatec filed a Notice of Recent Court Decision consisting of one paragraph drawing this Court's attention to a recent Federal Circuit decision. (Docket No. 117.) Dr. Abdou then filed a one page brief attempting to distinguish this case from the recent decision. (Docket No. 118). The Court considers the motion more than fully briefed and **GRANTS** the request for entry of judgment.

Alphatec's motion for summary judgment asked the Court to "grant summary judgment that claims 1, 3-6, 8-35 of [United States Patent No. 7,951,153] the '153

1  Patent and claims 6-29, 32-42 of [United States Patent No. 8,172,855] the '855 Patent

2  are indefinite under 35 U.S.C. § 112, ¶ 2." These are all the claims Dr. Abdou asserts

3  that Alphatec infringed in this action.   Although the parties' briefing, and

4  correspondingly the Court's decision, did not explicitly and individually address every

5  single dependent claim, the Court granted Alphatec's motion. (Docket No. 111.)

6      Ignoring the breadth of Alphatec's granted motion for summary judgment, Dr.

7  Abdou now argues that Alphatec is only entitled to an entry of judgment as to the

8  independent claims it provided individual and substantial argument on.  In doing so,

9  Dr. Abdou essentially attempts to do now, what he could have done in opposition to

10  summary judgment.[1]  He argues that the asserted dependent claims are not indefinite

11  because these claims might provide greater specificity than the indefinite independent

12  claims.

13      Having considered the parties' briefing on the issue now, it is unlikely this

14  argument would have succeeded on summary judgment because the dependent claims

15  are no more definite than the independent claims from which they depend.  But, the

16  Court need not address it because now is not the time to make that argument.

17  Additionally, the Court was not required to explicitly address every individual claim

18  in its decision. *See Content Extraction and Transmission LLC v. Wells Fargo Bank,*

19  *National Association,* 2012 WL , *4 (affirming district court decision that did not

20  address each claim and noting the Plaintiff's failure to identify claims insufficiently

21  addressed in its opposition brief).

22      The Court is mindful that parties are limited in the issues that can be explicitly

23  briefed, particularly when many claims are at issue.  Alphatec's greater attention to the

24  indefiniteness of the independent claims while moving for summary judgment on all

25

26  _____

27  [1]Dr. Abdou demonstrated an awareness of the significance of dependent claims
   in his argument on summary judgment as to provisional damages, arguing that the
   claims of the published application and issued patent were substantially identical if
28  dependent claims were also considered.  The same attention was not given to the
   dependent claims as to indefiniteness.

1   the asserted claims is likely an example of the challenges in allocating limited pages

2   to many issues. However, Dr. Abdou could have argued that Alphatec failed to address

3   or carry its burden as to certain asserted dependent claims with or without substantial

4   argument. But he did not and he is not entitled to raise that argument after the Court

5   has granted Alphatec's motion for summary judgment as to all the asserted claims.

6          Alphatec's request for entry of judgment is **GRANTED**. The Clerk shall enter

7   judgment in favor of Alphatec as set forth in the Court's November 19, 2014 Order

8   granting Alphatec's motion that claims 1, 3-6, 8-35 of the '153 Patent and claims 6-29,

9   32-42 of the '855 Patent are indefinite under 35 U.S.C. § 112, ¶ 2.

10

11                    **IT IS SO ORDERED**.

12

13   DATED: _2/2/15_

14                                              HON. ROGER T. BENITEZ
                                                United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv1804